**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4312**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RONALD ERIC CAMPBELL, a/k/a Peanut,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00179-RBH-1)

Submitted:  November 20, 2009          Decided:  December 7, 2009

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT
YARBOROUGH, JR., Florence, South Carolina, for Appellant.
Alfred William Walker Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Eric Campbell appeals from the 111-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006) (Count 1), and one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006) (Count 3). Campbell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred in calculating Campbell's base offense level for Count 1 and whether the district court properly enhanced Campbell's sentence for his role in the offense and for obstruction of justice. Campbell was advised of his right to file a pro se brief, but has not done so. The Government has not filed a brief. Finding no error, we affirm.

Consistent with United States v. Booker, 543 U.S. 220 (2005), the district court is required to follow a multi-step process at sentencing. First, it must calculate the proper sentencing range prescribed by the Guidelines. Gall v. United States, 552 U.S. 38, 49 (2007); see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008), cert. denied, 129 S. Ct.

2

1312 (2009). It must then consider that range in light of the parties' arguments regarding the appropriate sentence and the factors set out in 18 U.S.C. § 3553(a) (2006) before imposing its sentence. Gall, 552 U.S. at 49-50; see also Abu Ali, 528 F.3d at 260. We review the district court's sentence for abuse of discretion, first ensuring that the district court did not commit any "significant procedural error," such as failing to properly calculate the advisory Guidelines range. Gall, 552 U.S. at 41, 51.

All of Campbell's arguments go to whether the district court erred in calculating his offense level and Guidelines range. Campbell first questions whether the district court erred by using the entire weight of the heroin mixture sold to calculate his base offense level, rather than the weight of the pure heroin. A district court's factual findings regarding drug weights are reversible only if clearly erroneous. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996).

The Guidelines provide that "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c), Notes to Drug Quantity Table, (A) (2008). Additionally, in Chapman v.

3

United States, the Supreme Court stated that "Congress adopted a 'market-oriented' approach to punishing drug trafficking, under which the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence." 500 U.S. 453, 461 (1991). Although the Chapman Court was interpreting § 841(b)(1)(A) and (b)(1)(B), rather than § 841(b)(1)(C), it noted that "Congress clearly intended the dilutant, cutting agent, or carrier medium to be included in the weight of [cocaine or heroin] for sentencing purposes." Id. at 460. Therefore, we find that the district court's adoption of the entire weight of the mixture containing heroin listed in the Presentence Investigation Report was not clearly erroneous. The district court then properly determined that, based on the 12.54 grams of the mixture containing heroin, Campbell's base offense level was 16. USSG § 2D1.1(c)(12).

Campbell next questions whether the district court properly enhanced his sentence, pursuant to USSG § 3B1.1(c), for his alleged role in the offense. "A district court's findings regarding sentence enhancement are factual in nature and are reviewed only for clear error." United States v. Carter, 300 F.3d 415, 426 (4th Cir. 2002). Pursuant to USSG § 3B1.1(c), a two-level increase to the defendant's base offense level is warranted "[i]f the defendant was an organizer, leader, manager,

or supervisor" in the charged offense and the offense involved less than five participants. The adjustment applies if the defendant organized, led, managed, or supervised one or more participants. USSG § 3B1.1, cmt. n.2.

The evidence reveals that a confidential informant ("CI") for the Horry County Police Department arranged a drug buy with Campbell. Instead of handling the sale himself, Campbell sent two runners to deliver the drugs. The district court found that, because Campbell arranged the drug buy with the CI, but sent runners to deliver the drugs, the enhancement was proper. We find that the district court did not clearly err in its conclusion.

Finally, Campbell questions whether the district court properly enhanced his sentence, pursuant to USSG § 3C1.1, for his alleged threats against other witnesses. The district court's findings regarding the enhancement are reviewed for clear error. Carter, 300 F.3d at 426. Pursuant to USSG § 3C1.1, a two-level increase to the defendant's base offense level is warranted:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

5

Obstructive conduct includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so."  USSG § 3C1.1, cmt. n.4(a).

At the sentencing hearing, the Government produced two letters, both written prior to Campbell's guilty plea.  The first letter was written by an inmate who was to be a witness against Campbell at trial, alleging that Campbell threatened violence against the inmate and his family if he testified.  The second letter, written by another inmate, alleged that Campbell told the inmate to tell another witness against Campbell that Campbell would kill any witness who testified against him.  The inmate who wrote the second letter also testified at Campbell's sentencing hearing that Campbell threatened him and two other inmates who were to testify against Campbell.  In his defense, Campbell testified that he did not threaten any witnesses, although he admitted that he got into a shouting argument with one of them.  We find that, based on the evidence presented, the district court did not clearly err in applying the enhancement for obstruction of justice.

Accordingly, for the reasons described, the district court did not commit reversible error by assigning Campbell a

total offense level of 18,[*] a criminal history category of IV, and a Guidelines range of forty-one to fifty-one months' imprisonment on Count 1.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Campbell, in writing, of his right to petition the Supreme Court of the United States for further review. If Campbell requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Campbell. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Campbell's total offense level after enhancements was 20 and the district court determined that Campbell was entitled to a two-level reduction for acceptance of responsibility for pleading guilty. Because the Government did not appeal or cross-appeal the district court's grant of an offense level reduction for acceptance of responsibility, we have no authority to sua sponte review that determination. See Greenlaw v. United States, 128 S. Ct. 2559, 2564 (2008).